**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLAUDETTE MACK** : |
| *Plaintiff* : |
| : |
| **v.** : |
| : |
| **JEFF MANNING** : **CIVIL ACTION NO. 02-3916** |

## PLAINTIFF'S PROPOSED JURY CHARGE

Plaintiff, by her undersigned counsel, moves this Honorable Court charge the jury in the form attached hereto, as well as the appropriate standard charges, and such other and further charges as my appear appropriate at trial.

Respectfully submitted,

_____
**Howard D. Popper, Esquire**
**Alan L. Yatvin, Esquire**
*POPPER & YATVIN*
Suite 503
230 South Broad Street
Philadelphia, PA 19102
(215) 546-5700

*Attorneys for the Plaintiff*

April 28, 2003

1. **<u>ELEMENTS OF § 1983</u>**[1]

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a law enforcement officer acting in an official capacity. In order to prevail on this claim, the plaintiff must prove two things:

    1.    That the defendant acted under color of law; and

    2.    That the defendant deprived the plaintiff of one or more constitutional rights.

---

[1] § 12:3, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

2.  **COLOR OF LAW (WHERE UNCONTESTED)**[2]

"Acting under color of law" simply means acting in one's capacity as a Police Officer. There is no dispute that the defendant in this case was acting under color of law at the time of this incident, and you must find this element to have been established.

---

[2] § 12:4, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

3.   **<u>NO SPECIFIC INTENT REQUIRED</u>** [3]

It is not necessary to find that a defendant had any specific intent to deprive the plaintiff of her constitutional rights, or that he acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of her constitutional rights. Whether any of the officers acted with subjective good faith is irrelevant, and plaintiff need not prove that the officer had an evil heart.

---

[3] § 12:6, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**4.     CREDIBILITY OF WITNESSES**[4]

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

---

[4] § 12:7, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**5.**     **<u>BIAS OF OFFICIALS AS WITNESSES</u>**[5]

Several of the witnesses are or were employed by the Philadlephia Police Department, the same employer as defendant, and hence may be interested witnesses in the outcome of this case. Their relationship with defendant and employment by the City of Philadelphia, are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendant, and what weight you will give to their testimony.

---

[5] § 12:8, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

6.   **FOURTH AMENDMENT**[6]

The plaintiff claims that the defendant violated her rights under the Fourth Amendment to the United States Constitution. The Fourth Amendment reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Every person has the constitutional right to be free from the unreasonable seizure of her person by law enforcement agents. You must determine whether any seizures which you find took place were reasonable under constitutional standards. You should take into account all of the facts and circumstances which were known, or which should have been known, by the defendant when you are assessing his liability to the plaintiff. The question you must answer is whether in the face of such facts and circumstances defendant treated plaintiff unreasonably and violated her constitutional rights, as I shall define them for you.

---

[6] § 12:10, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

7. **<u>EXCESSIVE FORCE—FOURTH AMENDMENT STANDARD</u>**[7]

The plaintiff claims that excessive force was used by the defendant.. A person has a constitutional right to be free of excessive force. An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer. However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that the defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of the plaintiff's constitutional rights.

---

[7] § 12:20, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**8.     EXCESSIVE FORCE—CRITERIA**[8]


There is no precise definition or formula available for determining whether force is excessive in a particular case. You should take into account the severity of the crime the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing. Whether the officer used reasonable force must be judged from the perspective of a reasonable police officer on the scene, the totality of circumstances confronting the officer and the time available to the officer to assess the need for force under the circumstances of this case.

---

[8] § 12:21, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**9.**     **<u>EXCESSIVE FORCE—OBJECTIVE TEST</u>**[9]

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself. Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.

---

[9] § 12:22, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

10.   **<u>EXCESSIVE FORCE─AS A MATTER OF LAW</u>**

You are instructed that I have found as a matter of law that defendant used unconstitutionally excessive force against plaintiff.

11. **COMPENSATORY DAMAGES**[10]

The fact that plaintiff's rights are found to have been violated entitles her to compensation for the actual damages he has suffered. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate her for any harm which the wrongful conduct of the defendans was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:

1. The physical harm to the plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which plaintiff will, with reasonable certainty, suffer in the future.

2. The emotional and mental harm to the plaintiff during and after imprisonment, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future.

3. The reasonable expense of medical care, treatment, and services required and received by the plaintiff in connection with her.

4. The extent and duration of the injuries.

---

[10] § 12:36, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**12.    PUNITIVE DAMAGES**[11]


You may decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendant for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendant acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's constitutional rights. If you find that the defendant has done one of those things, then you may award punitive damages against defendant.

---

[11] § 12:37, Avery, Rudovsky & Blum, *Police Misconduct: Law & Litigation*, West Group, 2001.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLAUDETTE MACK** | : |
|     *Plaintiff* | : |
| | : |
| **v.** | : |
| | : |
| **JEFF MANNING** | :      CIVIL ACTION NO. 02-3916 |

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that he has caused the foregoing to be served on the following by Hand Delivery:

        Lynne Sitarski, DCS
        Law Department, Civil Rights Unit
        1515 Arch Street, 15th Floor
        Philadelphia, PA 19102-1595

                                                                                     _____
                                                                                     **Alan L. Yatvin**

Date: _____