IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDETTE MACK** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFF MANNING** | : | CIVIL ACTION NO. 02-3916 |

PLAINTIFF'S PRETRIAL MEMORANDUM
PURSUANT TO E.D.Pa. LOCAL RULE 16.1(C)

A.   **Brief Statement of Action and Jurisdiction**

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and under the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory provisions. Venue is proper in this District under 28 U.S.C. § 1391 (b)(1) and (2).

B.   **Brief Statement of the Facts**

On February 21, 2002, at about 10:30-45 A.M., plaintiff was called to a residence she owns. Upon arriving at that location, she found her son being held in a police car,[1] police inside her property and the house being ransacked. When plaintiff approached the property and attempted to make inquiry as to what was going on, she was grabbed by defendant Manning, who pushed plaintiff and twisted her arm.

Following the incident, Ms. Mack went to the Temple University Hospital Emergency Room suffering from right shoulder and arm pain. She was diagnosed with a sprain of her right

---

[1] According to police, Ms. Mack's son was seized inside the home and was being detained in connection with a "man with a gun" radio call. No gun was recovered and, following further investigation, he was released.

shoulder rotator cuff.  Due to her injury, Ms. Mack was unable to drive, she required help getting dressed, was unable to cook regular meals, had difficulty bathing, and difficulty writing.  Ms. Mack underwent physical therapy through Temple University Hospital for approximately eight sessions. As a result of that therapy she experienced significant improvement in her right shoulder range of motion, strength and relief of pain.  Ms. Mack was discharged from physical therapy on Mary 24, 2002, free of her prior functional limitations.  Her medical bills are approximately $2500.

C. **Statement of Damages**

      1.      Deprivation of Constitutional Rights.

      2.      Past Pain and Suffering.

      3.      Physical injuries.

      4.      Medical expenses.

      5.      Loss of the enjoyment of life's pleasures.

      6.      Fear, distress, horror, chagrin, anxiety and embarrassment.

D. **Witness List**

Plaintiff may call some or all of the following witnesses.  Naming of possible witnesses in this list is not to be construed as certification that plaintiff will call each said witness.  Plaintiff reserves the right to decline to call any of the below named witnesses, as may appear appropriate to him or his counsel at time of trial.  Although counsel has attempted to candidly divide the witnesses as to liability and damages, it may well be that there is overlap in the evidence, and such categorization is not to be construed as limiting the testimony of any witness to just liability or damages. Plaintiff reserves the right to call any party to this litigation, and any person listed as a witness by any defendant, as well as any appropriate rebuttal witness following the testimony of

any defendant or defense witness.

        LIABILITY WITNESSES

1. Claudette Mack

2. Verdessa Robinson

3. Anthony Robinson

4. Charles Jones

        DAMAGES WITNESSES

5. Claudette Mack

6. Custodian of records, Northeastern Hospital of Temple University Health System

7. Custodian of Records, Temple University Physical Therapy of Temple University Health System

8. Other Witnesses: Any other witness named or called by any other party.

Plaintiff reserves the right to supplement this witness list and/or to call additional witnesses not named herein on rebuttal.

E.  **Schedule of Exhibits**

Plaintiff may introduce some or all of the following exhibits. Identifying possible exhibits in this list is not to be construed as certification that plaintiff will present each said exhibit. Plaintiff reserves the right to decline to introduce any exhibit as may appear appropriate to him or his counsel at time of trial.

1. Photograph of Plaintiff, Sling

2. Photograph of Plaintiff, Right Shoulder, Front

3. Photograph of Plaintiff, Right Bicep, Rear

4. Photograph of Plaintiff, Right Arm, Rear

5. Photograph of 3043 Germantown Avenue, Interior, Sofas

6. Photograph of 3043 Germantown Avenue, Interior, Sofas

7. Photograph of 3043 Germantown Avenue, Interior, Trash Can

8. Photograph of 3043 Germantown Avenue, Interior, Bathroom

9. Photograph of 3043 Germantown Avenue, Interior, Bathroom

10. Medical Records, Northeastern Hospital of Temple University Health System

11. Medical Records, Temple University Physical Therapy of Temple University Health System

12. Any exhibits listed or offered by any other party.

13. Plaintiff reserves the right to supplement this list should the need for further exhibits become apparent at time of trial, or should the need for any such additional exhibits be required in the course of cross-examination of any witness or in rebuttal.

F. **Estimate of Trial Time**

Plaintiff estimates 1-2 days for presentation of all evidence.

G.   **Other Matters**

At the time of the filing of this memorandum, plaintiff's counsel is not aware of any other matters for the Court's consideration.

Respectfully submitted,

_____
**Howard D. Popper, Esquire**
**Alan L. Yatvin, Esquire**
*POPPER & YATVIN*
Suite 503
230 South Broad Street
Philadelphia, PA 19102
(215) 546-5700

*Attorneys for the Plaintiff*

April 28, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLAUDETTE MACK** | : |
|     *Plaintiff* | : |
| | : |
| **v.** | : |
| | : |
| **JEFF MANNING** | :    CIVIL ACTION NO. 02-3916 |

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that he has caused the foregoing to be served on the following by Hand Delivery:

        Lynne Sitarski, DCS
        Law Department, Civil Rights Unit
        1515 Arch Street, 15th Floor
        Philadelphia, PA 19102-1595


        _____
        **Alan L. Yatvin**

Date: _____