## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDETTE MACK,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | |
| **P/O JEFF MANNING and** | : | **No. 02-3916** |
| **P/O RUSSELL,** | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### NO SYMPATHY

In determining the issues of liability, you must not allow sympathy for plaintiff's injuries or emotion to affect your decision.  Burch v. Reading Co., 240 F.2d 574 (3rd Cir. 1957), cert. denied, 353 U.S. 965, 77 S. Ct. 1049 (U.S. Pa. 1957).

**<u>CREDIBILITY</u>**

You are the sole judge of the credibility of the witnesses as well as of the testimony you have heard.  When you decide whether or not to believe a witness, or when you are judging the evidence, use your common sense.

In deciding whether the testimony of a witness is credible, you should consider his demeanor or appearance on the witness stand, whether he is evasive or forthright in his answers, and, among other things, whether he appears to be biased or prejudiced because of some interest which he has in the outcome of the case; that is, whether he will gain or lose as a result of the verdict. *See* 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions, Civil*, § 73.01 (4th Ed. 1987).

**CREDIBILITY-RIGHT TO DISREGARD TESTIMONY**

A witness or a party may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness testified or made statements which are inconsistent with the witness' present testimony.  If you believe any witness has been impeached, and thus, discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think is appropriate concerning any material matter.  You have the right to distrust such a witness' testimony and other particulars and may reject all testimony of that witness or give it such credibility as you may think it deserves. *See* 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 73.04 (4th Ed. 1987).

**"FALSUS IN UNO, FALSUS IN AMNIBUS"**

There is a maxim in law known as "falsus in uno, falsus in amnibus," which means that a person who has falsely testified with regard to one material fact in issue may have falsely testified with regard to all facts in issue.  If you find that a witness has testified falsely in regard to any material facts in issue, then you are free to disregard all of his or her testimony or to accept part and reject part thereof as you see fit. *See* 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, <u>Civil</u>, § 73.04 (4th Ed. 1987).

**CREDIBILITY OF WITNESSES--INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.   See, 1 Devitt, Blackmar and O'Malley Federal Jury Practice and Instructions, Civil and Criminal § 15.06 (4th Ed. 1987).

## CREDIBILITY OF WITNESSES--DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he [or she] impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear on either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may of may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and differences in recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such, weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. *See* 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 73.01 (4th Ed. 1987).

**<u>WITNESSES</u>**

You should not believe or disbelieve plaintiff's testimony merely because she is the plaintiff.  In weighing testimony, however, you must consider the fact that plaintiff has a vital interest in the outcome of this trial.  You may take this interest into account along with all other facts and circumstances bearing on credibility in deciding what weight his testimony deserves. *See*, 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions, Civil*, § 73.01 (4th Ed. 1987).

**BURDEN OF PROOF**

     Plaintiff has the burden of proving each and every element of her case by a preponderance of the evidence.  If you find that a preponderance of the evidence supports each of the issues that plaintiff has raised, then they are entitled to recover.  If plaintiff does not prove each and every element of her case by a preponderance of the evidence, then you must find in favor of the defendants.  *Burch v. Reading Co.*, 240 F.2d 574 (3rd Cir. 1957), *cert. denied*, 353 U.S. 965, (U.S. 1957).

     To "establish by a preponderance of the evidence" means to prove that something is more likely than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, or course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

     In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 72.01 (4th Ed. 1987)

**PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983. In order for plaintiff to be able to recover damages under 42 U.S.C. § 1983, the plaintiff must prove by a preponderance of the evidence all of the following facts:

1. that the defendants knowingly deprived her of her rights;

2. that when the plaintiff was deprived of her rights, the defendants were acting under the color of state law;

3. that the defendants were responsible for actions of which the plaintiff complains; and

4. that the actions complained of were the proximate cause of damage to the plaintiff.

City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 103.03 (4th Ed. 1987).

## FOURTH AMENDMENT GENERALLY

The Fourth Amendment of the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."  U. S.  Const. Amend.  IV.

**USE OF FORCE**

Plaintiff's claims of excessive force must be analyzed under the reasonableness standard of the 4th Amendment.  Graham v. Connor, 490 U. S. 386 (1989). Your analysis of the reasonableness of the force used is an objective one, and you must consider all the circumstances of the case  Graham, 490 U.S. at 397.  Your consideration of the reasonableness of the force used must be undertaken "without regard to [the officers'] underlying intent or motivation." Graham, 490 U.S. at 397.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight...With respect to a claim of excessive force, the same reasonableness at the moment applies: Not every push or shove, even if it may later seem unnecessary in the peace of a courtroom, violates the Fourth Amendment.  Your determination of the "reasonableness" of defendants' actions must make allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain and rapidly evolving-about the amount of force that is necessary in a particular situation.  Graham, 490 U.S. at 396-97 (citations omitted).

## QUALIFIED IMMUNITY – GENERALLY

Government officials, such as police officers, generally are shielded from liability for civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald 457 U.S. 800, 818 (1982).  This principle, known as the doctrine of qualified immunity, ensures that police officers and other government actors will be able to reasonably anticipate when their conduct may give rise to liability.  The doctrine of qualified immunity attaches liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right.  United States v. Lanier, 520 U.S. 259, 270-71 (1997) (internal quotations and citations omitted).

Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'"  Anderson v. Creighton, 483 U.S. 635, 638 (1987) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

**QUALIFIED IMMUNITY – REASONABLE BUT MISTAKEN BELIEF**

The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers.  Orsatti v. New Jersey State Police, 71 F.3d 480, 484. This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued.  Hunter, 502 U.S. at 229.

The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  It is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts.  An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether [his actions are] legal in those circumstances.  If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity. Saucier v. Katz, 121 S. Ct. 2151, 2158.

## QUALIFIED IMMUNITY – TWO-STEP INQUIRY

Your evaluation of the qualified immunity defense is a two-step process.  First, you must decide should decide whether the conduct alleged by the plaintiff violated a clearly established principle of law.  If so, you should inquire whether the unlawfulness of the action would have been apparent to an objectively reasonable officer.  See Showers v. Spangler, 182 F.2d 165, 171 (3d Cir. 2000).

The officer's subjective intent is immaterial to the resolution of questions of qualified immunity.  Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken. Anderson v. Creighton, 483 U.S. 635, 639 (1987). The appropriate inquiry is whether "a reasonable officer could have believed his conduct to have been reasonable under the law." Kim v. Gant, 1997 WL 535138 at *10 (E.D. Pa. 1997).

The doctrine of qualified immunity is intended to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.  An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.  If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity defense. Saucier v. Katz, 121 S.Ct. at 2158.

The appropriate inquiry is whether the officers acted reasonably under settled law in the circumstances, "not whether another reasonable, or more reasonable, interpretation of the events can be constructed [years] after the fact." Hunter v. Bryant, 502 U.S. 224, 228 (1991).

**CAUSATION**

Not every injury in which a state official has played some part is actionable under Section 1983. <u>Martinez v. California</u>, 44 U.S. 277, 285 (1979), *citing,* <u>Imbler v. Patchman</u>, 424 U.S. 409, 417. In order for plaintiff to prevail under §1983 he must prove by a preponderance of the evidence that … the actions complained of were the proximate cause of damage to the plaintiff. <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808 (1985).

**DAMAGES**

If you find one or more of the Defendants liable under §1983, you must next consider what damages, if any, the plaintiff is entitled to. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be liable.

If you return a verdict for a plaintiff, you must award her such sum of money as you believe will fairly and justly compensate her for any loss you believe she actually sustained as a direct consequence of the conduct of any of the Defendants.

You are not permitted to award damages based on the abstract value or importance of constitutional rights. A plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and proof. That is, your findings as to damages must be within the allegations of the plaintiff's complaint.

You shall award actual damages only for those losses, which you find that a plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those losses which you find a plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the defendant in violation of Section 1983. That is, you may not simply award actual damages for any loss suffered by a plaintiff – you must award actual damages only for those losses that are a direct result of actions by one or more of the Defendants and that the Defendant(s) actions are a direct result of conduct which violated plaintiff's federal rights under color of law. Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Sand, et al., Modern Federal Jury Instructions, 87-87; Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983); Carey v.

<u>Piphus</u>, 435 U.S. 247, 98 S. Ct. 1042 (1978); <u>Memphis Community School District v. Stachura</u>,

106 S. Ct. 2537 (1986).

**<u>Damages-con't</u>**

You may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by one or more of the defendant(s) for violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence injuries naturally resulting from the violation. Thus, even if you find that by one or more of the defendant(s) deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff proved by the preponderance of evidence that the deprivation caused the damages that they claim to have suffered.

Moreover, if you find that the damages caused by one or more of the defendant(s) were partly the result of conduct by the one or more of the defendant(s) that was legal and partly the result of conduct that was illegal, you must apportion the damages between the legal and illegal conduct – that is, you must assess the relative importance of the legal and illegal conduct and allocate the damages accordingly. <u>Sand, et al.,</u> Modern Federal Jury Instructions, 87-89.

**PROXIMATE CAUSE**

A finding of a direct causal link, or proximate cause to the alleged injury must support an award of actual/compensatory damages.  "Proximate cause" may be defined as "that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred."  Taylor v. Allis Chalmers Manufacturing Co., 320 F. Supp. 1381, 1388 (E.D. Pa. 1969), *aff'd*, 437 F.2d 416 (3rd Cir. 1970).

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the actions of the defendants.

**GENERAL DAMAGES**

Under 42 U.S.C. § 1983, the plaintiff is only entitled to those actual or compensatory damages substantially caused by the actions of the defendant.  See Memphis Community School Dist. v. Strachura, 106 S. Ct. 2537 (1986).

The purpose of actual/compensatory damages is to compensate the plaintiff for the specific wrong, not to deter future violations of his civil rights.  Carey v. Piphus, 435 U.S. 247 (1978).

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2002, a true and correct copy of Defendants' Proposed

Jury Instructions was served via hand delivery to the individuals below.

        Alan Yatvin, Esquire
        230 S. Broad Street, Suite 503
        Philadelphia, PA 19102

             **BY**: _____
                    LYNNE A. SITARSKI
                    Deputy City Solicitor