IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDETTE MACK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| **JEFF MANNING, et al.** | : | **NO. 02-3916** |

### CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against two Philadelphia Police Officers: Officer Jeff Manning and Officer Saundra Russell. Shortly before trial commenced, plaintiff's counsel voluntarily withdrew the claims against Officer Russell. The trial resulted in a verdict in favor of Officer Manning and against plaintiff. Officers Manning and Russell filed their bill of costs on May 15, 2003. A telephone conference on the taxing of costs was coordinated by the Clerk of Court on December 8, 2004; participating were Alan L. Yatvin, Esquire, representing plaintiff, and Lynne A. Sitarski, Esquire, representing defendants.

It is axiomatic that costs may not be imposed in federal district courts except where they are authorized by either a federal statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items taxable in the first instance by the Clerk, with a right of appeal to the assigned district court judge. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

> "(l) Fees of the clerk or marshal;
> "(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
> "(3) Fees and disbursements for printing and witnesses;
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

The costs sought by defendants are all, at least arguably, of those types of costs stated previously as being listed in the taxation statute, 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxations of Costs established by 28 U.S.C. §1920. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Federal Rule of Civil Procedure 54(d)(1) directs that those types of costs authorized by 28 U.S.C. §1920 ***"shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added).*** This language creates a heavy presumption that

***"the 'prevailing party' <u>automatically</u> is entitled to costs"*** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920. <u>Buchanan v. Stanships, Inc.</u>, 485 U.S. 265, 268 (1988)(emphasis added). <u>Accord</u>, <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897 (3d Cir. 1985); <u>City of Rome, Italy v. Glanton</u>, 184 F.R.D. 547 (E.D. Pa. 1999); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D. Pa. 1998); <u>Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp</u>, 74 F.R.D. 617 (E.D. Pa. 1977). This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D.Pa. 1998). A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party. <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D.Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920. <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897, 926 (3rd Cir. 1985); <u>Pearlstine v. United States</u>, 649 F.2d 194 (3rd Cir. 1981); <u>Delaney v. Capone</u>, 642 F.2d 57 (3d Cir. 1981); <u>Samuel v. University of Pittsburgh</u>, 538 F.2d 991 (3d Cir. 1976); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975). As a result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. <u>Pearlstine v. United States</u>, 649 F.2d 194, 198-9 (3rd Cir. 1981); <u>ADM Corp. v. Speedmaster Packaging Corp.</u>, 525 F.2d 662, (3d Cir. 1975). <u>See</u>, <u>also</u>, <u>In Re Olympia Brewing Co. Securities Litigation</u>, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).

In accordance with this heavy presumption concerning costs pursuant to 28 U.S.C. §1920, there is a recurring theme that the prevailing party may recover those types of costs made taxable by 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time

the costs were incurred, regardless of whether the items for which costs are sought were actually used. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). We are satisfied that this standard of necessity has been met in the instant case; moreover, we note that the bill of costs is accompanied by an affidavit from counsel for the prevailing party stating under penalty of perjury that the costs sought pursuant to 28 U.S.C. §1920 are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight with respect to the aforesaid burden of proof in favor regarding the taxation of those types of costs listed in 28 U.S.C. §1920. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997). See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

Since the costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter.

Plaintiff raises one general objection to the bill of costs in its entirety; that being that because plaintiff withdrew her claim against one of the two defendants before the trial began, that costs should allegedly be "halved." The relevant rule of court, Federal Rule of Civil Procedure 54(d)(1), directs the taxing of costs in favor of "the prevailing party." The law is clear that where a plaintiff does not prevail on any of his or her claims, defendants are considered the prevailing parties. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (ED Pa. 1998); Lacovara v. Merrill Lynch, 102 F.R.D. 959 (ED Pa. 1984). See, also, Scientific Holding Co. v. Plessey, 510 F.2d 15 (2nd Cir. 1974). Where the plaintiff withdraws his case without receiving any

compensation in means of settlement, that defendant may recover costs, even where the decision to withdraw was totally voluntary. Brandt v. Schal Associates, 854 F.2d 948 (7th Cir. 1988); Bishop v. West American Insurance Co., 95 F.R.D. 494 (N.D. Ga. 1982). We accordingly disallow the general objection to the bill of costs.

Turning now to the substance of the bill of costs, we note that fees of the Marshal, authorized pursuant to 28 U.S.C. §1920(1), include costs of service of process, including subpoena service. Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (ED Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990). Courts interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for private process servers. Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994); Bass v. Spitz, 522 F. Supp. 1343 (E.D. Mich. 1981). As stated previously, the language of Federal Rule of Civil Procedure 54(d)(1) creates a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are, at least on their face, arguably of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We are of the view that counsel for the losing party has not rebutted this heavy presumption, and we tax costs in the full requested amount of $40.50.

With regard to the request for costs of deposition transcripts, we note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts "necessarily obtained for use in the case." As previously stated, there is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred. This general standard applies to the specific situation of a request for depositions transcript costs; a deposition transcript is seen as "necessarily obtained" when it was necessary to counsel's effective preparation, judged in light of the situation existing when the cost was incurred, regardless of whether it was actually used. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). We are satisfied that the statutory standard of necessity has been met. As stated previously, the language of Federal Rule of Civil Procedure 54(d)(1) creates a heavy presumption in favor of an award of costs, once it has been shown that the costs

sought are, at least on their face, arguably of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We are of the view that the non-prevailing party in this civil action has not rebutted this heavy presumption. Deposition costs are accordingly taxed in the full requested amounts of $372.02 and $143.00.

Printing is routinely taxed under 28 U.S.C. §1920(3). Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (E.D. Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Shannon v. United States Department of Housing and Urban Development, 433 F.Supp. 249 (E.D. Pa. 1977). Likewise, courts have traditionally seen costs related to the production of copies of documentary evidence as recoverable costs under 28 U.S.C. §1920(4) when these copies were "necessarily obtained for use in the case." Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Haagen Dazs v. Double Rainbow Gourmet Ice Cream, 920 F.2d 587 (9th Cir. 1990); Robinson v. Burlington Northern Railroad Co., 963 F.Supp. 691 (N.D. Ill. 1997); Postednik v. Sullivan, 718 F.Supp. 1097 (S.D.N.Y. 1989); Grider v. Kentucky & ITR Co., 101 F.R.D. (W.D. Ky. 1984). Based on this caselaw, the Clerk is of the view that such documentary evidence consists of items such as police reports, weather reports, medical records, personnel records, business records, land records, newspapers, tax records, and the like. Concerning this previously mentioned standard that these aforesaid items must have been "necessarily obtained for use in the case" to be taxable, there is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were necessarily obtained for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, even where the items in question were not used at trial. We are satisfied that the statutory standard of necessity has been met. As stated previously, the language of Federal Rule of Civil Procedure 54(d)(1) creates a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We are of the view that the non-prevailing party has not rebutted this heavy presumption. Copying costs are accordingly taxed in the full requested amount of $24.00.

In summary, costs are taxed as follows:

| | |
|---|---|
| Service fees: | $ 40.50 |
| Deposition costs: | 372.02 |
| Deposition costs: | 143.00 |
| Printing costs: | 24.00 |
| TOTAL: | $579.52 |

_____        _____
**Date**                                                   **MICHAEL E. KUNZ**
                                                                    **CLERK OF COURT**